# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 8, 2013

## JUAN LA SEAN PERRY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 13103     Robert Lee Holloway, Jr., Judge**

---

**No. M2013-00986-CCA-R3-PC     Filed October 24, 2013**

---

A Maury County jury convicted the petitioner, Juan La Sean Perry, of second degree murder in November 2005, and the trial court sentenced him to twenty-five years in the department of correction. This court affirmed his conviction and sentence. *See State v. Juan La Sean Perry*, No. M2007-00903-CCA-R3-CD, 2008 WL 1875165, at *1 (Tenn. Crim. App. Apr. 28, 2008), *no perm. app. filed*. Nearly five years later, petitioner filed the instant petition for post-conviction relief, which the post-conviction court dismissed as untimely. On appeal, petitioner contends that due process principles should toll the statute of limitations and requests that this court remand for an evidentiary hearing. Following our review, we affirm the circuit court's summary dismissal of the post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Juan La Sean Perry, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner was convicted of second degree murder for the April 29, 2002 shooting death of Joey Williams. *See id*. He appealed his conviction and sentence to this court, which affirmed the judgment of the trial court. *See id.* Petitioner did not request supreme court review. This court's opinion was filed on April 28, 2008, and the mandate issued July 22, 2008.

Petitioner filed the instant petition for post-conviction relief on February 28, 2013. In the petition, he argued that due process principles should toll the statute of limitations because he believed that his attorney had sought permission to appeal to the supreme court. He also presented a claim of ineffective assistance of counsel. The post-conviction court summarily dismissed his petition as untimely.

On appeal, petitioner argues that he did not know until January 2013 that his attorney had not presented his case to the supreme court. He asserts that this court should remand his case for an evidentiary hearing to determine whether due process concerns should toll the statute of limitations for the filing of post-conviction petitions. The State responds that "petitioner failed to make allegations to the court sufficient to warrant" tolling of the statute of limitations. We agree with the State.

A person convicted of a crime must petition for post-conviction relief within one year of the final action of the highest state court that has considered the claim. Tenn. Code Ann. § 40-30-102(a). Time is of the essence when asserting a claim for post-conviction relief, and a petitioner's compliance with the statute of limitations is an element of the right to file a petition. *See id*. § 40-30-102(b). A petition for post-conviction relief must include facts that demonstrate timely filing or justification for tolling the statute of limitations period. *See State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). A petitioner's failure to include sufficient factual allegations of either compliance with the statute or circumstances that require the court to toll the statute will result in dismissal. *Id.* However, pursuant to Tennessee Code Annotated section 40-30-102(b)(1)-(3), this court may consider a petition for post-conviction relief filed outside the one-year statute of limitations if the petitioner's claim (1) is based upon a final ruling of an appellate court establishing a new constitutional right; (2) is based upon new scientific evidence establishing that petitioner is actually innocent; or (3) seeks relief from a sentence that was enhanced because of a prior conviction that was found to be invalid.

In addition to the exceptions above, this court will also consider an untimely petition if due process considerations require tolling of the post-conviction statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013); *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992). "To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale and fraudulent claims." *Gerald Wayne Carter v. State*, No. W2008-00652-CCA-R3-PC, 2008 WL 4922710, at *2 (Tenn. Crim. App. Nov. 13, 2008) (citing *Burford*, 845 S.W.2d at 208). Recently, the Tennessee Supreme Court clarified its earlier holdings with regard to due process tolling based on the conduct of a petitioner's attorney, ruling in *Whitehead* that "[a] petitioner is

entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead*, 402 S.W.3d at 631. The supreme court further opined that "the second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." *Id.* The supreme court noted that the "slight adjustment in our jurisprudence" should not "open the floodgates of due process tolling" because the threshold showing remains high and because the "General Assembly has expressed its clear intention that the post-conviction filing deadline be construed as strictly as possible." *Id.* at 631-32.

In this case, petitioner made allegations in his petition that due process considerations should toll the statute of limitations in his case because he believed that his attorney had appealed his case to the Tennessee Supreme Court when, in fact, his attorney did not file for permission to appeal. Furthermore, he alleges on appeal that he did not know that this appeal had not been pursued until he requested a case history from this court, which was printed on January 18, 2013. If petitioner believed that his case was pending before the supreme court, then he was precluded from acting pro se to file a post-conviction petition while still being apparently represented by counsel. *See Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001) (Appellant alleged that his post-conviction petition was untimely because he believed his attorney was pursuing an appeal; the supreme court remanded for an evidentiary hearing to develop the record.). However, petitioner has made no representations suggesting that he has been diligently pursuing his rights, as required by the first prong of the *Whitehead* analysis. *See Whitehead*, 402 S.W.3d at 631. Rather, he waited nearly five years before inquiring into the status of his case, and there is no indication that he did anything to further his interests in the meantime. Furthermore, he has made no allegations that his attorney abandoned him, acted adversely to his interests, or behaved in any manner that could be construed as an extraordinary circumstance preventing petitioner from timely filing his petition for post-conviction relief. *See id.* He merely states that he "thought" his attorney was filing an appeal to the supreme court. Thus, we conclude that petitioner's argument regarding due process tolling is without merit.

## CONCLUSION

Based on the record, the parties' briefs, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE

-3-